UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR.,<br><br>                  Plaintiff,<br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                  Defendants. | CASE NO. 15cv2520-LAB (BGS)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF DISMISSAL** |

      Plaintiff David Turner filed a complaint alleging in very general terms widespread violation of rights by the State of California, the United States of America, and the County of San Diego, all of whom he has named as Defendants. He also filed a motion for leave to proceed *in forma pauperis* (IFP).

      The IFP motion includes conflicting information, and is incomplete. Moreover, Turner has filed numerous other actions recently in this District, and the information differs somewhat from those. Nevertheless, it appears Turner lacks funds to pay the filing fee, so the motion is **GRANTED**.

      Under 28 U.S.C. § 1915(e)(2)(B), the Court must screen and dismiss the complaint to the extent it is frivolous or malicious, fails to state a claim on which relief may be granted, or seks monetary relief against a defendant who is immune.

The body of the complaint begins:

> Bank of America Defaulted State of California and U.S.A. used inhaired power to unlawfully consider against poor Blacks, and other that do their job by their racism, false representation by state actors, and violation by employee's by given false information and ongoing injuries by all state claim that were falsely with held by State Courts tring to control Federal Court hous by action not U.S. Con. Rulings by judge with conflict of interest. State Judges in U.S. Court City, County, State Fed. Actions to deny Turner of his Civil Rights and a [illegible] (Demand in $777,000,000;00) 2004-2014 on going herassment and 4th Amendment violations on § 1986 Conspiracy actions by lawyer, Jails, and cotor that are not doctors . . . .

Turner also attaches numerous documents as exhibits.

It is unclear what Turner believes the county, state, and nation have done to him, although he appears to be bringing claims arising from medical malpractice, civil rights violations related to impoundment of his belongings and harassment by local authorities, and various wrongs while he was in the county jail or detox.

No allegations are made against the United States or the State of California, which in any event are immune. The Court has no jurisdiction to hear appeals from state court judgments, *Noel v. Hall*, 341 F.3d 1148, 1155–56 (9th Cir. 2003), nor to decide matters that are currently on appeal before the Ninth Circuit.[1] *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). His allegations against the County, moreover, are inadequately pled and do not state a claim. There are no clear allegations saying what he thinks the county or its officials have done to him, and why they should be held liable.

The complaint is therefore **DISMISSED WITHOUT PREJUDICE**. No later than 21 calendar days from the date this order is issued, Turner may file an amended complaint that corrects the defects this order has identified, and that shows why this Court has jurisdiction over Turner's claims. *See* Fed. R. Civ. P. 8(a)(1). Any claims Turner wishes to make must be alleged in the body of the complaint. Turner should not expect that the Court will look through attachments and create claims for him. *See Williams v. Dept. of Veterans Affairs*,

///

---

[1] The many other actions Turner has brought in this District are at various stages of litigation. Some have been dismissed and are on appeal to the Ninth Circuit. Many of the issues in those other cases appear to overlap.

2010 WL 3788843, at *1 (S.D. Cal., Sept. 22, 2010) (citing, *inter alia*, *Jacobsen v. Filler*, 790 F.2d 1362, 1364–6 (9th Cir. 1986)).

In the past, Turner's pleadings were much neater, but of late the legibility has declined noticeably. The amended complaint <u>must</u> comply with the Court's legibility requirements or it will be rejected for filing. *See* Civil Local Rule 5.1. Turner should file his complaint early, so that if it is rejected for some reason, he can refile a corrected version within the time limit.

**If Turner fails to file an amended complaint that complies with this order, within the time permitted, this action will be dismissed without leave to amend.**

**IT IS SO ORDERED**.

DATED: November 10, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge